ALBERT HARRIS v. W. R. SAVAGE.

No. 13,866. (79 Pac. 113.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Setting Fire to a Field.* Setting fire to a field of high wheat stubble in which are standing stacks of wheat belonging to another, when there is nothing which is reasonably calculated to prevent the fire from being communicated to, and destroying, such stacks, is, in case they are destroyed by the fire, actionable negligence, even though the person who sets the fire has the right to burn off the stubble and has no intention of burning the stacks.

2. ———— *Reasonable Precaution Necessary.* Fire is a dangerous agent to use in the removal of rubbish, and where the property of others is exposed to its destruction it can only be rightfully set out after every reasonable precaution has been taken to prevent damage to such property.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed January 7, 1905. Affirmed.

*Julia F. V. Harris*, for plaintiff in error.

*W. W. Schwinn*, for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: This action was commenced by the defendant in error against the plaintiff in error before a justice of the peace, on a bill of particulars, in which he alleged, in substance, that he was the owner of two large ricks of unthrashed wheat standing on a described quarter-section of land, and of the value of $215; that on the 16th day of August, 1901, the defendant negligently and carelessly set fire to some wheat stubble on the ground on which the ricks were standing and caused them to be burned and consumed, to the damage of plaintiff in the sum of $215, for which amount he prayed judgment. No pleading

36—70 KAN.

was filed on behalf of defendant.    The case was tried
to a jury and judgment was rendered for defendant.
An appeal was taken to the district court of Sumner
county, and a trial therein resulted in a judgment in
favor of the plaintiff.    The defendant brings the case
to this court for review.

Our attention is not called to any alleged error in
the introduction of evidence on the trial and no ex-
ception was saved to the giving of, or refusal to give,
any instruction.    Hence it is necessary only to ascer-
tain where there was error in denying the motion for
a new trial.

In the absence of any showing of the facts upon
which some of the grounds of the motion were based,
and in the absence of any exception to any ruling of
the court made in the progress of the trial, only one
error alleged in the motion is, or could be, insisted
on — that the verdict of the jury was not sustained by
sufficient evidence.    This ground is not well taken.
There was evidence that the ricks of wheat stood in a
field covered with high wheat stubble ; that the only
precaution the defendant took to keep the fire from
them was to plow once around each stack with a
gang-plow, which consists of two plows operated to-
gether on a frame supported by wheels ; that by
reason of the hardness of the soil and the fact that
the plows were gauged to run in the ground a proper
depth when one wheel was down in a furrow, and
that in passing around the ricks the wheel was not in
a furrow, the plows at times only scratched the sur-
face and hardly separated the dense stubble.    If the
jury believed this evidence they were justified in find-
ing that it was negligence *per se* to set fire to the stub-
ble in proximity to the stacks.

Again, it is contended that the evidence did not

Harris v. Savage.

show that plaintiff owned the ricks of wheat burned, nor identify them with the ricks which were described in the bill of particulars as standing on a particular quarter-section of land.   The plaintiff testified that it was his wheat; that he had raised it himself on his own land, and had it cut with a header and stacked in the two ricks; that he had rented the land on which the wheat grew to the defendant for another season.   The defendant also testified about renting the land of the plaintiff and plowing the same; and about the burning of the ricks of wheat.   There was no mistake or misunderstanding possible as to the identity of the wheat burned with the wheat described in the bill of particulars.   The particular numbers or description of the land upon which it stood were immaterial.

There was no material variance between the allegations of the bill of particulars, even regarded as a petition, and the evidence, and there was no lack of evidence upon any essential fact.   The verdict was sustained by the evidence, and the motion for a new trial was properly denied.

The judgment of the court below is affirmed.

All the Justices concurring.